UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---

BRANDON WILLIAMS, : CASE NO. 1:17-cr-00413
:
    Petitioner-Defendant, : OPINION & ORDER
: [Resolving Doc. 68]
vs. :
:
UNITED STATES OF AMERICA, :
:
    Respondent-Plaintiff. :
:

---

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Petitioner-Defendant Brandon Williams moves to vacate his sentence under 28 U.S.C. § 2255. He claims ineffective assistance of counsel during plea negotiations.[1] The Government opposes.[2]

For the following reasons, the Court **DENIES** Williams's § 2255 motion.

### I.    Background

A federal grand jury indicted Williams on five bank robbery counts, three Hobbs Act robbery counts, two brandishing a firearm during a crime of violence counts, and one felon in possession of a firearm count.[3]

Williams executed a plea agreement with the Government.[4] Under the agreement's terms, he pleaded guilty to five bank robbery counts, two Hobbs Act robbery counts, and one brandishing a firearm count.[5] With his Rule 11(c)(1)(C) plea agreement, Williams agreed

---

[1] Doc. 68.
[2] Doc. 71.
[3] Doc. 1.
[4] Doc. 38.
[5] Doc. 38.

Case No. 1:17-cr-00413
GWIN, J.

to a specific 300-month sentence[6] and waived certain rights to appeal or collaterally challenge his conviction.[7]

A few months later, Williams moved *pro se* to withdraw his guilty plea and for new counsel.[8] In his letter to this Court, Williams stated that his counsel had improperly explained his plea agreement. According to Williams, his counsel had given him the impression that despite the agreed-upon plea agreement 300-month sentence, the Court was likely to give him a shorter imprisonment term.[9] Williams said that if he had understood his plea agreement and the sentencing consequences of a binding plea, he would not have pleaded guilty. He also expressed concern that he was going to receive a sentence "almost 10 years over [his] guidelines."[10]

The Court held a hearing to address the concerns Williams outlined in his letter.[11] At the hearing, the Court told Williams that without the plea agreement and if he were found guilty, he faced a 32 years minimum sentence if convicted.[12] Without the plea agreement, Williams's Guidelines recommended sentence would be approximately 40 to 42 years.[13] The Court explained to Williams that the 300-month sentence he requested as part of his plea agreement was about 10 years under his sentencing guideline range.[14] At the hearing,

---

[6] *Id.* at 5.
[7] *Id.* at 7.
[8] Doc. 44.
[9] *Id.* ("She also indicated that we would ask for more time than what the guidelines stated in order to get [the Court] to accept the binding plea agreement. She indicated that I would receive less time than what was requested in the plea agreement.").
[10] *Id.*
[11] Doc. 66. During the hearing, Williams expressed frustration with the second brandishing a firearm count. He was also upset that the Government rejected a previously negotiated plea agreement.
[12] Doc. 66 at 11.
[13] *Id.* at 11–12.
[14] Doc. 66 at 11.

-2-

Case No. 1:17-cr-00413
GWIN, J.

Williams stated he did not want to withdraw his plea.[15] Still, the Court instructed Williams to think through his options, meet with counsel, and file a written motion if he decided it was in his best interest to withdraw.[16]

Ultimately, Williams did not withdraw his guilty plea. The Court sentenced Williams to 300 months imprisonment in accordance with the plea agreement.[17]

Now, Williams moves to vacate his sentence and claims ineffective assistance of counsel.[18] Williams argues his counsel's representation fell below constitutional standards. And he states that but for his counsel's errors, he would not have entered into a binding plea agreement and would have sought an open plea agreement instead.

In response, the Government asserts that Williams's counsel fully explained the plea agreement's terms and advocated zealously for Williams.[19]

II. Discussion

A federal prisoner who believes their "sentence was imposed in violation of the Constitution . . . may move the court which imposed the sentence to vacate . . . the sentence."[20] *Strickland v. Washington*[21] controls claims that a prisoner's legal representation was so inadequate it contravened the Sixth Amendment and warrants relief.[22] Under *Strickland*, the petitioner must establish (1) "that counsel's representation fell below an objective standard of reasonableness," and (2) "that [counsel's] deficient performance

---

[15] *Id.* at 15.
[16] *Id.*
[17] Doc. 53.
[18] Doc. 68.
[19] Doc. 71. at 9.
[20] 28 U.S.C. § 2255(a).
[21] 466 U.S. 668, 687 (1984).
[22] *Strickland*, 466 U.S. at 687.

Case No. 1:17-cr-00413
GWIN, J.

prejudiced the defense."[23] To demonstrate prejudice in the plea context, a petitioner "must show the outcome of plea process would have been different with competent advice."[24]

### A. Counsel's Deficiency

Petitioner-Defendant Williams claims his counsel's representation was ineffective for two reasons. First, his counsel inadequately explained his plea agreement and the sentencing consequences such that he did not enter his plea knowingly, intelligently, and voluntarily.[25] Second, Williams says his counsel did not inform him that he could challenge his two brandishing a firearm counts under 18 U.S.C. § 924(c) as unconstitutionally vague.[26]

Williams ineffective assistance of counsel claim is not persuasive. The record establishes that Williams's counsel fully reviewed the plea agreement with him:

> **THE COURT:** Before you signed this [plea agreement], did you read through each paragraph of the plea agreement?
> **THE DEFENDANT:** Yes.
>
> **THE COURT:** Did you consult with [counsel] about the nature and the impact of each paragraph?
> **THE DEFENDANT:** Yes.[27]

And the record demonstrates that Williams understood the terms of the plea agreement, including the 300-month sentence, and entered his guilty plea willingly. The Court explained to Williams how his plea agreement would affect his sentence:

> **THE COURT:** Do you understand how sentencing works in federal cases, Mr. Williams?
> **THE DEFENDANT:** Yes.

---

[23] *Strickland*, 466 U.S. at 687–88.
[24] *Lafler v. Cooper*, 566 U.S. 156, 163 (2012) (citing *Missouri v. Frye*, 566 U.S. 134, 148 (2012)).
[25] Doc. 68. at 8.
[26] *Id.* at 12.
[27] Doc. 65 at 9–10.

-4-

Case No. 1:17-cr-00413
GWIN, J.

> **THE COURT:** In general, judges need to pick a sentence that's sufficient, but not longer than needed. In deciding what that should be, judges first consider the guideline calculations, then consider whether to vary or depart from the guidelines, then consider certain statutory factors, and then pick a sentence. In this case, do you reach an agreement with the United States that you recommend that your sentence should be 300 months of incarceration?
> **THE DEFENDANT:** Yes, Your Honor.[28]

Despite the Court's colloquy at the change of plea hearing, Williams asserts he did not appreciate the consequences of his binding plea agreement until he conducted his own legal research.[29] After learning the Court would not vary from the 300-month sentence, Williams moved *pro se* to withdraw his guilty plea.[30]

At the hearing on the motion, the Court clarified for Williams that the 300-month sentence requested in his plea agreement was not "10 years over [his] guidelines." Rather, it was nearly 10 years less than the sentence he would likely receive if he were tried and convicted on all counts. Williams chose not to withdraw his plea.[31]

Again, the record shows Williams's counsel and the Court made every effort to inform Williams about his plea agreement, his 300-month specific sentence, and his risks if he went to trial. And, more importantly, it shows that Williams understood his situation and made a sensible decision.[32]

---

[28] Doc. 65 at 11.
[29] Doc. 68 at 10. *See also* Doc. 66 at 3 ("I had a misunderstanding about the binding plea deal with [counsel] when it was explained to me, I think by me being in the state of mind I was in early on, like after being arrested and going on with my mental—you know, being in my mental state, I wasn't'—I wasn't receiving what she was giving me. I wasn't receiving it and taking it in.").
[30] Doc. 44.
[31] Doc. 66 at 11.
[32] Williams acknowledges in his petition that he did not withdraw his plea because of the statutory minimum associated with the § 924(c) counts. Doc. 68 at 6. ("In particular, because of the § 924(c) consequences of going to trial, he did not file a specific motion to withdraw his plea.")

Case No. 1:17-cr-00413
GWIN, J.

To avoid this conclusion, Williams argues that his counsel was ineffective because she did not alert him to the possibility that § 924(c) was unconstitutionally vague. To support his argument, Williams points to the Supreme Court's *United States v. Davis*[33] decision, which affirmed the Fifth Circuit's determination that § 924(c)'s residual clause was unconstitutionally vague.[34]

But Williams's argument fails for at least two reasons. First, as the government points out[35] and Williams concedes,[36] *Davis* would not have applied to William's § 924(c) counts, which rely on the element clause that remains even after the *Davis* decision.[37] Moreover, the Fifth Circuit did not file its *Davis* opinion until two months after Williams's sentencing.[38] The Court is not convinced that Williams's counsel was ineffective because she did not notify Williams of a potential constitutional challenge to his § 924(c) counts based on inapplicable and not-yet-issued Fifth Circuit and Supreme Court decisions.

The Court finds Williams's counsel's performance was not objectively unreasonable. Thus, William's ineffective assistance of counsel claim must fail.

### B. Prejudice

But even if the Court were convinced that Williams's counsel's representation was deficient, Williams's ineffective assistance claim would still fail because he has not demonstrated prejudice. William's argues that but for his counsel's incompetence, he would

---

[33] 139 S. Ct. 2319 (2019).
[34] Doc. 68 at 12.
[35] Doc. 71 at 10.
[36] Doc. 74 at 8.
[37] Doc. 71 at 10.
[38] *United States v. Davis*, 903 F.3d 483 (5th Cir. 2018).

-6-

Case No. 1:17-cr-00413
GWIN, J.

have negotiated an open plea agreement.[39] But Williams has not offered any evidence to establish that the Government would have been willing to offer an open plea.[40]

And the record suggests the contrary. At the motion to withdraw plea hearing, Williams's counsel told the Court that she had attempted to negotiate a 252-month specific sentence, but the Government declined.[41] The Government wanted a 384-month imprisonment term.[42] Indeed, the Government was willing to accept a 300-month sentence only after defense counsel met with the United States Attorney for the Northern District of Ohio.[43] Williams has not shown that he would have received an open plea deal with "competent" counsel.

The Court finds that even if Williams's counsel performance was not objectively reasonable, and it was, Williams was not prejudiced as a result. Thus, Williams's ineffective assistance of counsel is without merit.

---

[39] Doc. 68 at 12.
[40] See *Rodriguez-Penton v. United States*, 905 F.3d 481, 487 (6th Cir. 2018) ("[the defendant] may demonstrate prejudice if he can show that, had he known about the adverse immigration consequences, he would have bargained for a more favorable plea.").
[41] Doc. 66 at 13.
[42] *Id*.
[43] *Id*.

Case No. 1:17-cr-00413
GWIN, J.

### III.  Conclusion

For the foregoing reasons, the Court **DENIES** Williams's motion to vacate his sentence under § 2255.  Williams's counsel performance was objectively reasonable.  And even if counsel's representation had been deficient, Williams has not demonstrated that he suffered any prejudice.

IT IS SO ORDERED.

Dated: November 30, 2020                     *s/     James S. Gwin*
                                             JAMES S. GWIN
                                             UNITED STATES DISTRICT JUDGE